Micah D. Fargey (SBN 240458)
micah@fargeylaw.com
FARGEY LAW PC
7307 SW Beveland Street, Suite 200
Portland, OR 97223
Telephone: (503) 946-9426
Facsimile: (503) 342-8332

Jillian T. Weiss (admitted *pro hac vice*)
jweiss@jtweisslaw.com
LAW OFFICE OF JILLIAN T. WEISS, P.C.
527 Hudson Street
P.O. Box 20169
New York, NY 10014
Tel: (845) 709-3237

Attorneys for Plaintiff
**Kevin Franken**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FRANKEN, an individual, | Civ. No. 2:17-cv-001128-JAM-KJN |
| Plaintiff, | STIPULATED PROTECTIVE ORDER FOR PROTECTED HEALTH INFORMATION |
| v. | |
| DR. MARK T. ESPER, Acting Secretary of the Department of the Army, | |
| Defendant. | |

1 – STIPULATED PROTECTIVE ORDER FOR
PROTECTED HEALTH INFORMATION

1.     PURPOSES AND LIMITATIONS

Discovery in this action involves production of confidential medical information for which special protection is warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

"PHI" MATERIAL

"Protected Health Information" material (PHI) shall include all records relating to Plaintiff's physical and psychological health.

2.     SCOPE

The protections conferred by this Stipulated Protective Order cover not only PHI (as defined above), but also (1) any information copied or extracted from PHI; (2) all copies, excerpts, summaries, or compilations of PHI; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal PHI.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any PHI that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any PHI known to the Receiving Party prior to the disclosure pursuant to this Stipulation and Order; and (c) any PHI obtained by the Receiving Party after the disclosure pursuant to this Stipulation and Order from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.     ACCESS TO AND USE OF PHI

4.1    Basic Principles.  A receiving party may use PHI that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or

attempting to settle this litigation. PHI may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. PHI must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

    4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any PHI only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers and employees (including counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney of Record's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of PHI, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any PHI to third parties and to immediately return all originals and copies of any PHI;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3 – STIPULATED PROTECTIVE ORDER FOR
PROTECTED HEALTH INFORMATION

4.3     <u>Publicly Filing PHI Designated Confidential Before Trial</u>.  Before publicly filing PHI that has been designated confidential and whose confidential designation has not been challenged before trial, the filing party shall either (1) submit a Request to Seal pursuant to Local Rule 141, or (2) confer with the designating party to determine whether the designating party will remove the confidential designation.  Local Civil Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  The parties understand that just because information has been designated confidential by a party does not mean that the Court will grant the request to seal the information designated confidential.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material provided by a party that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains such material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A party may designate documentary information received from another party as confidential within 15 days of receipt.

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5 – STIPULATED PROTECTIVE ORDER FOR
PROTECTED HEALTH INFORMATION

(d) A party that receives documents and tangible items containing PHI that is produced from a non-party, such as through a subpoena, before it may publicly file PHI, the receiving party must wait fifteen (15) days or must wait until the other party has indicated that it does not designate the PHI to be filed as confidential, whichever time period is shorter; this time frame is intended to permit the other party an opportunity to review the documents and tangible things for potentially "CONFIDENTIAL" information.

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.

The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under and in compliance with Local Civil Rule 251 and if applicable, Local Civil Rule 141.1.  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose PHI may be affected.

7 – STIPULATED PROTECTIVE ORDER FOR
PROTECTED HEALTH INFORMATION

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed PHI to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10. **TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all PHI to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain PHI.

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 17, 2018             _____*s/ Micah D. Fargey*_____
                                 Micah D. Fargey
                                 Attorney for Plaintiff

DATED:  July 17, 2018            ____*/s Chi Soo Kim*_____
                                 Chi Soo Kim
                                 Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  July 18, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9 – STIPULATED PROTECTIVE ORDER FOR PROTECTED HEALTH INFORMATION

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Unites States District Court for the Eastern District of California on _____ [date] in the case of ***Franken v. Esper, Case No.*** 2:17-cv-001128-JAM-KJN.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the Unites States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____.

Printed name:_____

Signature:_____

10 – STIPULATED PROTECTIVE ORDER FOR
PROTECTED HEALTH INFORMATION