UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FRANKEN,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK T. ESPER, Secretary of the United States Army,<br><br>    Defendant. | No. 2:17-cv-01128-JAM-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE** |

   This matter is before the Court on Plaintiff Kevin Franken's Motion to Change Venue. Mot., ECF No. 42. Defendant Mark Esper filed an opposition, ECF No. 45, to which Plaintiff replied, ECF No. 46. After consideration of the parties' briefing on the motion and relevant legal authority, the Court DENIES Plaintiff's Motion to Change Venue.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 2, 2018.

1

I. BACKGROUND

Plaintiff previously worked as a Park Ranger/Natural Resources Specialist for Defendant, United States Army. Compl., ECF No. 1, ¶ 13. Plaintiff's official duty station was in Valley Springs, California. Id. ¶ 2. Between June 2015 and July 2016, Plaintiff alleges that he was subject to a myriad of interactions he found to be discriminatory, harassing, hostile, and retaliatory. Id. ¶¶ 13-110.

On May 28, 2017, Plaintiff filed a three-claim complaint in the U.S. District Court for the Eastern District of California, alleging Title VII sex discrimination and hostile work environment, as well as failure to accommodate under the Rehabilitation Act. Id. ¶¶ 111-19. Plaintiff went on to file three additional Title VII cases alleging Defendant engaged in discriminatory employment practices. Mot. at 6. Plaintiff filed those three cases in the U.S. District Court for the Northern District of California. See id.; Franken v. Esper, et al., No. 3:17-cv-07161-LB (N.D. Cal. filed Dec. 17, 2017) ("Franken II"); Franken v. Harris, et al., No. 3:18-cv-01837-KAW (N.D. Cal. filed March 25, 2018) ("Franken III"); Franken v. Esper, et al., No. 3:18-cv-04120-SK (N.D. Cal. filed July 10, 2018) ("Franken IV"). Defendant filed motions to dismiss or transfer in Franken II and Franken III. Opp'n, ECF No. 15, p. 15. Defendants have not yet been served in Franken IV. Id.

II. OPINION

Plaintiff now moves this Court to change the venue of this case from the Eastern District of California, where he originally

filed the case, to the Northern District of California, where his three other suits are pending. Mot. at 6. Defendant opposes, arguing the Eastern District of California is the location of the alleged acts and the district in which the vast majority of witnesses reside. Opp'n at 2.

### A. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) seeks to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

In a Title VII case, the statute's special venue provision details where cases arising under the statute may be brought:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3); Johnson v. Payless Drug Stores Nw.,

Inc., 950 F.2d 586, 587-88 (9th Cir. 1991).  This section of Title VII also determines the proper venue for litigating a Rehabilitation Act claim.  Slaby v. Holder, 901 F. Supp. 2d 129, 132 (D.D.C. 2012).

### B.  Analysis

Pursuant to Section 1404(a), the Court evaluates the districts in which the case could have been filed, whether transfer would provide the litigants and witnesses with a more convenient, efficient forum, and whether a transfer serves the interests of justice.

#### (1)  Where the Case Could Have Been Brought

Under Title VII's special venue provision, the Court evaluates three factors to determine the districts in which Plaintiff could have filed this case.  Two of those factors are relevant here: (1) the state in which the allegedly unlawful employment practice occurred and (2) the district in which the defendant maintains and administers employment records.  42 U.S.C. § 2000e-5(f)(3).

##### a.  The Alleged Unlawful Employment Practice Took Place in California

Here, based on the acts alleged in Plaintiff's complaint, the unlawful employment practices took place in Valley Spring, California, within the Eastern District of California.  Thus, under Title VII, venue is proper in any of California's four federal districts.  See 42 U.S.C. § 2000e-5(f)(3).  This factor does not weigh for or against transfer to the Northern District of California.

///

4

b. <u>District in Which the Employment Records Are Maintained and Administered</u>

Plaintiff alleges in the declaration attached to his motion that the decisions to discharge him and discriminate against him were made in San Francisco. Franken Decl., ECF No. 42-2. He similarly alleges, without factual support, that the computer system containing his employment record was located in San Francisco. <u>See</u> <u>id.</u> Defendant disputes Plaintiff's allegations and offers two declarations: one from Plaintiff's former supervisor and another from the counsel involved in Plaintiff's discrimination complaints. The declaration from Randy Olsen, the Chief of the Operations and Readiness Branch, provides facts that indicate none of the employment decisions alleged were approved, ratified, or finalized in San Francisco. Olsen Decl., ECF No. 45-2. The declaration from Assistant District Counsel Adrienne Cady details that Plaintiff's electronic employment records are stored in Sacramento and Washington, D.C. Cady Decl., ECF No. 45-3.

Having reviewed the declarations in support of and opposition to Plaintiff's motion, the Court finds Defendant's declarations to be more reliable because they provide detailed facts about the location where the individuals described in the Complaint worked and made employment decisions, rather than unsubstantiated beliefs and conclusory allegations. Based on this information, the Court finds it more likely that the decisions regarding Plaintiff's employment were made, implemented, and felt in the Eastern District of California. <u>See</u> <u>Passantino v. Johnson & Johnson Consumer Prod., Inc.</u>, 212

F.3d 493, 506 (9th Cir. 2000) ("[V]enue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt."). This factor weighs against transfer to the Northern District of California.

          (2)   Convenience of the Parties and Witnesses

Plaintiff argues in his motion that the case should be transferred because it would be more convenient for him to prosecute this action in San Francisco, where he filed his three subsequent cases. Mot. at 6. He also believes that the Northern District is more convenient because he resides there. Id. Defendant, on the other hand, provides an analysis of the 40 unique witnesses, illustrating that 29 witnesses reside in the Eastern District of California, three reside in the Northern District of California and eight are unknown or outside either district's subpoena power. Kim Decl., ECF No. 45-1. All of the 29 witnesses residing in the Eastern District are closer to Sacramento than San Francisco. Id.

This review of the evidence demonstrates that the Eastern District of California is a more convenient venue for the vast majority of witnesses whose addresses are known. There is no evidence that the non-party witnesses, other than Plaintiff's health care providers, are within the subpoena power of the Northern or Eastern Districts of California. See Reply at 2; Kim Decl., Ex. C, ECF No. 45-1, pp. 23-26. Plaintiff argues that the only inconvenience transfer would cause is for witnesses to drive from Sacramento to San Francisco. That argument ignores its converse: it is far more efficient for

three individuals to drive from San Francisco to Sacramento than it is for 29 individuals to do the opposite. See Reply at 2.

The factor weighing convenience of parties and witnesses weighs against transferring the case to the Northern District of California.

(3) Interests of Justice

Finally, Plaintiff argues that court congestion weighs in favor of transferring the case. Mot. at 8. Plaintiff is correct that the Eastern District of California has one of the highest caseloads per judge in the nation and has an immediate need for a minimum of five new judgeships. See id. Nevertheless, this district's impending judicial emergency does not permit the Court to transfer every case in which there is a tenuous nexus with another judicial district. The delay Plaintiff will suffer by remaining in the forum he originally selected does not outweigh the other Section 1404(a) factors.

III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Change Venue.

IT IS SO ORDERED.

Dated: October 3, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE