# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN FRANKEN,** <br><br> **Plaintiff** <br><br> v. <br><br> **MARK ESPER, et al.,** <br><br> **Defendants** | CASE NOS.    1:18-CV-1618 AWI EPG <br>                             1:18-CV-1622 AWI EPG <br>                             1:18-CV-1627 AWI EPG <br>                             1:18-CV-1687 AWI EPG <br><br> **ORDER VACATING MAY 6, 2019 HEARING AND ORDER CONSOLIDATING CASES AND STAYING MATTER** |

On December 21, 2018, these four cases were related and reassigned to the docket of the undersigned and Magistrate Judge Grosjean. As part of that order, the Court ordered the parties to report to Magistrate Judge Grosjean and discuss the desirability of consolidating all four cases.

On April 8, 2019, Plaintiff filed in all four cases a motion to consolidate and a motion to stay. Hearing on these motions is set for May 6, 2019. The motion to stay is based on the pendency of administrative proceedings before the United States Merit Systems Protection Board ("MSPB"). The results of the MSPB proceedings could affect the claims pursued in the cases before the Court. The motion to consolidate recognizes that the four cases are related and that it would be efficient to consolidate the four cases into a single case. Plaintiff requests that if consolidation is granted that he be permitted to file a single unified complaint.

On April 22, 2019, Defendants filed a stipulation to stay all of the cases, and to vacate all currently set dates and deadlines, until the MSPB proceedings have concluded.

On April 26, 2019, Defendants filed a response to the motion to consolidate. Defendants agree that consolidation of the four cases into one case is appropriate. However, Defendants explain that, other than a motion to transfer which was filed in and granted by the Northern District of California in three of the cases, they have only filed a response to the complaint in Case No. 1:18-cv-1687 AWI EPG, which was originally filed in the Eastern District of California but transferred from the Sacramento Division to the Fresno Division. Defendants request that if the cases are consolidated and a new complaint is filed, they be allowed to file a response to the unified/consolidated complaint proposed by Plaintiff.

After reviewing the submission of the parties, the Court finds that Plaintiff's motion may by decided without a hearing. See Local Rule 230(g). Therefore, the Court will vacate the May 6, 2019 hearing and issue this order, which resolves Plaintiff's motions.

1. Consolidation

In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972); see also Schnabel v. Lui, 302 F.3d 1023, 1034-35 (9th Cir. 2002).

Here, a review of the complaints in the four related cases show that they involve alleged instances of employment harassment/discrimination by Defendants against Plaintiff. Further, the parties are in agreement that the four cases should be merged into one. Given the parties response, there is agreement by all involved that consolidating and merging these four related cases would conserve judicial resources and would not cause inconvenience, delay, or expense. The Court concludes that consolidating and merging these cases for all purposes into one case would be efficient. Cf. Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist.LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011).

Therefore, the Court will consolidate and merge the two related cases into a single case for all purposes and permit Plaintiff to file a single unified/consolidated Complaint.[1]

Defendant have raised a concern regarding their ability to respond to a new complaint. While three of the four cases were transferred in from the Northern District of California, those transfers were without prejudice to pursuing a motion to dismiss in this Court. Given this procedural history, it is appropriate for the Defendants to be able to file a response (either an answer or a motion) to Plaintiff's new unified complaint. However, the response should be mindful of the answer that was filed in Case No. 18-CV-1687 AWI EPG.

Additionally, the Court typically consolidates and merges cases into the lowest numbered case. However, the proceedings in the three cases that were pending in the Northern District of California essentially amounted to the granting of a motion to transfer. In contrast, the case that proceeded in the Sacramento division included an Answer and the resolution of discovery disputes. Given the procedural posture of the four cases, the Court will consolidate the three "Northern District cases" into the procedurally more advanced Case No. 1:18-1687 AWI EPG.

2. Stay

As stated above, the parties agree that all cases should be stayed until the MSPB proceedings conclude because those proceedings could directly affect the claims that are pursued in this Court. Given the agreement of the parties, the Court also finds that it is advisable to stay proceedings until the MSPB proceedings conclude. Further, because the MSPB proceedings may affect the claims pursued, the Court will order Plaintiff to file a unified/consolidated complaint after the MSPB proceedings end.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The May 6, 2019 hearing on Plaintiff's motions to consolidate and motions to stay is VACATED;

---

[1] The Court notes that in the parties' joint scheduling report, Plaintiff represented that the new unified/consolidated Complaint would not include any allegations, claims, or requests for relief that have not already been pled in the four related cases.

3

2. Plaintiff's motions to consolidate (Doc. No. 72 in Case No. 1:18-cv-1618 AWI EPG, Doc. No. 43 in Case No. 1:18-cv-1622 AWI EPG, Doc. No. 71 in Case No. 1:18-cv-1627 AWI EPG, and Doc. No. 62 in Case No. 1:18-cv-1687) are GRANTED;

3. Plaintiff's motions to stay (Doc. No. 73 in Case No. 1:18-cv-1618 AWI EPG, Doc. No. 44 in Case No. 1:18-cv-1622 AWI EPG, Doc. No. 72 in Case No. 1:18-cv-1627 AWI EPG, and Doc. No. 63 in Case No. 1:18-cv-1687) are GRANTED;

4. Case Nos. 1:18-cv-1618 AWI EPG, 1:18-cv-1622 AWI EPG, and 1:18-cv-1627 AWI EPG, are CONSOLIDATED AND MERGED into Case No. 1:18-cv-1687 AWI EPG for all purposes;

5. All future filings shall be made using Case No. 1:18-cv-1687 AWI EPG;

6. Case No. 1:18-cv-1687 AWI EPG is STAYED pending resolution of Plaintiff's proceedings before the MSPB;

7. All currently scheduled dates and deadlines are VACATED;

8. Every sixty (60) days, the parties shall file a joint status report that outlines the status of the MSPB proceedings;

9. No later than fourteen (14) days from the conclusion of the MSPB proceedings, the parties shall file a joint request to lift the stay;

10. Within fourteen (14) days of the Court lifting the stay, Plaintiff shall file his unified/consolidated Complaint;

11. Within twenty-one (21) days of Plaintiff filing his unified/consolidated Complaint, Defendants shall file an appropriate response; and

12. The Clerk shall CLOSE Case Nos. 1:18-cv-1618 AWI EPG, 1:18-cv-1622 AWI EPG, and 1:18-cv-1627 AWI EPG.

IT IS SO ORDERED.

Dated: May 1, 2019

SENIOR DISTRICT JUDGE