UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN FRANKEN,

Plaintiff,

v.

DANIEL P. DRISCOLL,

Defendant.

No. 1:18–cv–01687–DC–CKD (PS)

ORDER

(ECF No. 161)

On July 29, 2026, the undersigned held a hearing via Zoom videoconference on Defendant's motion to compel discovery responses. (ECF No. 161.) Plaintiff's former counsel Randy Harvey appeared and withdrew from the case with Plaintiff's consent. Plaintiff appeared pro se and attorney Kelli L. Taylor appeared on behalf of Defendant. For the reasons set forth below, the Court will grant the motion to compel.

**BACKGROUND**

This action proceeds on the First Amended Complaint filed March 14, 2025. (ECF No. 140.) Plaintiff Kevin Franken alleges he was discriminated against due to his sexual orientation, disability status, religious beliefs, and age while employed as a Park Ranger/National Resource Specialist by Defendant Daniel P. Driscoll, Secretary of the Army. *Id.* at ¶¶ 49-501. Plaintiff subsequently filed claims under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, and the Age Discrimination in Employment Act. *Id.* at ¶¶ 393-501.

On May 7, 2025, the District Judge signed the parties' scheduling order. (ECF No. 144.) Defendant alleges that on January 28, 2026, it served its first set of interrogatories, requests for admissions, and requests for documents on Plaintiff, with responses due February 27, 2026. (ECF No. 161-1 at 3.) On February 3, 2026, the District Judge granted a stipulation and proposed order for a 90-day extension of discovery deadlines. (ECF No. 148.) Defendant alleges that on February 4, 2026, it served requests for admissions, set two, on Plaintiff with responses due by March 6, 2026. (ECF No. 161-1 at 3.) Defendant also alleges that on February 4, 2026, it served a notice setting Plaintiff's deposition for March 25, 2026. *Id*. Defendant alleges that on February 18, 2026, it served Plaintiff with a request for production of tangible things, also due March 25, 2026. *Id*. at 3-4. On March 11, 2026, Plaintiff's then-counsel Mr. Nerney filed a motion to withdraw. (ECF No. 152.) In response, on March 13, 2026, the parties filed a stipulation for an extension of time to respond to written discovery. (ECF No. 155.) On April 6, 2026, the District Judge granted Plaintiff's amended motion to withdraw as an attorney. (ECF No. 158.) The order substituted Plaintiff in pro se and directed Plaintiff to comply with all further hearing dates and rules of the Court. *Id*. at 5-6.

Defendant alleges that on April 8, 2026, Plaintiff was contacted with a reminder of upcoming due dates and Defendant's intent to proceed with the discovery deadline of April 19, 2026, and deposition dates of May 5, and May 6, 2026. (ECF No. 161-1 at 4.) Defendant alleges that on April 19, 2026, it sent Plaintiff a follow-up email reminding Plaintiff of these deadlines. *Id*.

Defendant alleges that Plaintiff did not respond to discovery by the April 20, 2026 deadline. *Id*. Defendant alleges that on April 25, 2026, it contacted Plaintiff informing him that discovery was overdue, his objections were waived, and that the deposition would proceed as scheduled on May 5 and May 6, 2026. *Id*. Defendant alleges that on May 5, 2026, Plaintiff failed to appear for his deposition. *Id*. at 5.

Defendant alleges that on May 5 Plaintiff had finally made contact and agreed to respond without objections to Defendant's interrogatories and document demand by May 13, 2026, and to be deposed on May 18, 2026. *Id*. Defendant alleges that on May 12, 2026, Plaintiff made contact

and declined to produce outstanding discovery on May 13, reasoning that "he has been busy with other things and never even looked for documents that are in boxes in his garage and on his computer." *Id*. Defendant also alleges Plaintiff stated he was "too busy with his full-time job," to commit to a new, specific date to produce the requested discovery items. *Id*.

Defendant alleges that on May 18, 2026, Plaintiff appeared for his re-scheduled deposition. *Id*. Defendant alleges that at the deposition, Plaintiff said, "it could be weeks, months, or even years," before outstanding discovery was fulfilled. *Id*. Defendant alleges that on May 18 and May 19, 2026, it served additional requests for production on Plaintiff with deadlines of June 25, and June 26, 2026. (ECF No. 163 at 4.) Defendant alleges Plaintiff missed those deadlines as well. *Id*.

Defendant alleges that it agreed not to file a motion to compel until June 2, 2026, to give Plaintiff time to respond to discovery by that date. (ECF No. 161-1 at 5.) Defendant alleges no response was filed on June 2, 2026. *Id*. On June 4, 2026, Defendant filed a motion to compel discovery responses, and a hearing was noticed for July 29, 2026, before the undersigned. (ECF Nos. 161, 162.) Pursuant to Local Rules 125(a) and (c), the parties were directed to file a joint statement no later than July 15, 2026. (ECF No. 162.) On July 15, 2026, the parties filed a joint statement. (ECF No. 163.)

**LEGAL STANDARD**

According to the Federal Rules of Civil Procedure, responses and/or objections to interrogatories and requests for production must be provided within 30 days of being served. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories"); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served").

"Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Such conduct also constitutes a waiver of any objection to Rule 34 requests for production. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473

(9th Cir. 1992) ("Fed. R. Civ. P. 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

At the same time, the Ninth Circuit Court of Appeals "has recognized as part of a district court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial, . . . [including the discretion] to exclude testimony [or evidence that] would unfairly prejudice an opposing party." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp*., 982 F.2d 363, 368 (9th Cir. 1992) (internal citations omitted).

**DISCUSSION**

Defendant seeks a motion to compel Plaintiff to respond, without objections, to Interrogatories and Requests for Production, sets 1-3, and Tangible Things, set 1, by August 14, 2026. (ECF No. 163 at 16.) Defendant further requests the Court allow it to bring a further motion to compel and/or motion for sanctions on five days' notice for any continued failure by Plaintiff to comply with his discovery obligations. *Id*.

Although Plaintiff alleges mitigating factors, including withdrawal of counsel, ongoing health problems, and computer issues, he has conceded failing to respond to Defendant's discovery requests according to Federal Rules of Civil Procedure 33 and 34. *Id*. at 7-9. Therefore, the Court grants Defendant's motion to compel discovery.

Due to Plaintiff's failure to respond to Defendant's Interrogatories and Request for Production of Documents, set 1, and Tangible Things, set 1, due April 20, 2026, and Requests for Production of Documents, sets 2 and 3, due June 25 and June 26, 2026, Plaintiff has waived any objections. *See Richmark Corp.*, 959 F.2d at 1473 (9th Cir. 1992); *Bell v. Jones,* 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021).

Additionally, due to Plaintiff's non-response, Defendant's requests for admissions on January 28, 2026, and February 4, 2026, also due April 20, 2026, are deemed admitted.[1] *See* Fed. R. Civ. P. 36(a)(3).

---

[1] While Plaintiff has stated he seeks to withdraw these responses under Federal Rule of Civil Procedure 36(b), he has yet to file a separate motion. *See* (ECF No. 163 at 10); *see also* Docket.

At the hearing on July 29, 2026, Plaintiff agreed to produce the aforementioned discovery items by August 14, 2026.

**CONCLUSION**

As discussed above, the Court GRANTS Defendant's motion to compel (ECF No. 161) and ORDERS:

1. Plaintiff to respond, without objections, to Interrogatories and Requests for Production of Documents, sets 1-3, and Tangible Things, set 1, by August 14, 2026;
2. Defendant may bring a further motion to compel and/or motion for sanctions on five days' notice for any continued failure to comply;
3. Defendant's requests for admissions served on Plaintiff on January 28, 2026, and February 4, 2026, are deemed ADMITTED.

Dated: July 30, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7 fran.18cv1687