UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FRANKEN,<br>Plaintiff,<br>v.<br>DANIEL P. DRISCOLL,<br>Defendant. | No. 1:18–cv–01687–DC–CKD (PS)<br><u>FINDINGS AND RECOMMENDATIONS</u><br>(ECF No. 168) |

Defendant Daniel P. Driscoll has moved for terminating sanctions, or in the alternative, evidence preclusion sanctions for plaintiff Kevin Franken's failure to comply with the court's July 30, 2026 order. (ECF No. 168.) A hearing was held on September 9, 2026. Plaintiff appeared pro se, Kelli Taylor appeared as counsel for defendant and Adrienne Cady, Office of the General Counsel for Department of the Army was present. For the reasons stated below, the Court recommends GRANTING defendant's motion for terminating sanctions and DISMISSING plaintiff's claims against defendant without leave to amend.

**BACKGROUND**

A summary of the case's procedural posture can be found at the court's July 30, 2026 Order granting defendant Daniel P. Driscoll's motion to compel. (ECF No. 165.)

In granting defendant's motion to compel, the court ordered plaintiff Kevin Franken to respond to defendant's Interrogatories and Requests for Production of Documents, Sets 1-3, and

Tangible Things, Set 1 by August 14, 2026. (ECF No. 165 at 5.) The July 30, 2026 Order allowed defendant to bring a further motion for compel and/or motion for sanctions on five days' notice for any additional failure to comply. Id. Defendant alleges on August 7, 2026, plaintiff was sent an email reminding him of the court's order and proposed coordination of handling discovery documents. (ECF No. 168-3 at 2.) Defendant alleges plaintiff never responded to the August 7, 2026 email. (ECF No. 168-1 at 3.)

Defendant alleges on August 14, 2026, at 9:47 p.m., plaintiff had only sent an email with written responses to defendant's Request for Production, Set 3, but did not produce any responsive documents. Id. Plaintiff conceded in his email that the court's August 14 deadline "has not been fully met." Defendant responded to plaintiff's email later that evening to inform plaintiff that an additional motion for sanctions will be filed against him. (ECF No. 168-3 at 10.)

Defendant alleges that on August 17, 2026, plaintiff had produced a camera without an accompanying SIM card, so no photos and videos were submitted. (ECF No. 168-1 at 3.) Defendant alleges on August 18, 2026, plaintiff responded to defendant's Interrogatory, Set 1. (ECF No. 168-3 at 12-28.) Defendant alleges that these responses referenced documents plaintiff had not produced, contained impermissible objections, and were incomplete and unresponsive. (ECF No. 168-1 at 3.) For example, plaintiff responded with "asked and answered" objections to interrogatories relating to individuals who took unlawful employment actions against plaintiff and to disabilities he had while employed by defendant. Id. at 10.

On August 19, 2025, Defendant filed a motion for terminating sanctions, or in the alternative, evidence preclusion sanctions, noticed for hearing on September 9, 2026. (ECF No. 168.) Plaintiff never filed an opposition or statement of non-opposition to defendant's motion. See Docket. At the hearing, the Court and parties discussed the pending motion for sanctions, and the Court directed defendant to re-serve the motion via mail to plaintiff. (ECF No. 171.) Plaintiff was granted one more opportunity to file an opposition to the motion for sanctions by no later than September 23, 2026. Id. Defendant was permitted to file an optional reply no later than ten days after plaintiff's opposition. Id. Plaintiff timely filed an opposition on September 23, 2026, and defendant filed a reply on October 2, 2026. (ECF Nos. 176, 177.) Briefing is now complete.

**DISCUSSION**

Defendant seeks terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to comply with the court's discovery order. It is within the discretion of the court to order terminating sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). The Local Rules of the Eastern District also provide wide latitude to the court with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Because "'dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*.'" Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). Wrongful intent or actual ill will is not required; "rather, disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith or fault." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014); Henry v. Gill Indus. Inc., 983 F.2d 943, 948 (9th Cir. 1993). Substantial and prejudicial obduracy may also constitute bad faith. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002), abrogated on other grounds by Fort Bend County, Texas v. Davis, 587 U.S. 541 (2019).

Plaintiff's responses to defendant's Request for Production, Set 3 and Interrogatory, Set 1 fall far short of what was demanded in the court's July 30, 2026 Order. Plaintiff himself conceded that he did not fully meet the court's August 14, 2026 deadline. (ECF No. 168-3 at 4.) Additionally, plaintiff submitted his camera late while omitting his SIM card, depriving defendant of access to photos and videos. (ECF No. 168-1 at 3.) Although plaintiff alleges he has been burdened by the withdrawal of counsel, re-diagnosis of depression and ongoing mental health conditions, and the sheer volume of materials needed to be produced, the Court considers his excuses unavailing. (See ECF No. 176 at 4, 10-11.) "Pro se litigants must follow the same rules of

procedure that govern other litigants." King v. Atiyeh, 814 F. 2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa County, 693 F. 3d 896 (9th Cir. 2012). Plaintiff is also a law school graduate and has been litigating this action since 2018. (ECF No. 168-1 at 13); see Docket. Additionally, while plaintiff alleges his anxiety and trauma played a role in the untimeliness and ultimate noncompliance with the Court's July 30, 2026 Order, the Court notes that plaintiff had several months to respond to defendants' discovery requests. (ECF No. 176 at 4; 168-1 at 2.) While plaintiff argues "willfulness is a state of mind," he fails to argue that any of his discovery misconduct was outside of his control. (See ECF No. 176 at 12); see also Sanchez, 298 F.R.D., at 464 (finding noncompliance with discovery was willful in part because plaintiff did not attempt to show repeated failure to comply with discovery obligations was outside of his control). Applying Ninth Circuit standards here, it appears that plaintiff's failure to comply with the court's order is due to "willfulness, bad faith, or fault."

A court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

"Where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Engineers Inc. v. Electric Engineering Co., 158 F. 3d 1051, 1057 (9th Cir. 1998) (citing Adriana Int'l Corp. v. Thoeren, 913 F. 2d 1406, 1412 (9th Cir. 1990)). "It is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." Valley Engineers, 158 F. 3d, at 1057.

The Court concludes the risk of prejudice to defendant is substantial. Defendant has been unable to obtain basic discovery and received belated and incomplete answers to interrogatories

needed to defend against plaintiff's claims, such as information needed for vocational and economist experts to evaluate plaintiff's claims of lost income, specifically plaintiff's history of job applications, offers and declinations, and income sources between his removal from the United States Army Corps of Engineers and subsequent hiring by the Government Services Administration. (ECF No. 168-1 at 8-9.) Defendant also alleges plaintiff's non-response to requests for documents with respect to plaintiff's liability claims, such as whether plaintiff was discriminated against due to his sexual orientation. (ECF No. 168-1 at 8-10.)

"If [defendant] showed actual prejudice, the plaintiff would have to persuade the court that 'the claims of prejudice are illusory or relatively insignificant in light of his excuse.'" Sanchez, 298 F.R.D. at 465 (quoting In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F. 3d 1217, 1228 (9th Cir. 2006)). Plaintiff contends that "much of the information defendant identifies as 'missing' is already in defendant's hands." (ECF No. 176 at 7.) Plaintiff further argues that his belated interrogatory responses were substantive and mitigate the severity of prejudice against defendant. Id. Plaintiff also argues that defendant is aware of plaintiff's damages calculation due to a written settlement demand transmitted to defendant, and that defendant accepted nine boxes tendered on July 18, 2026, allegedly containing Equal Employment Opportunity complaint records. Id. at 7-8.

"Failure to produce documents as ordered… is considered sufficient prejudice." Adriana v. Int'l Corp. v. Thoeren, 913 F. 2d 1406, 1412 (9th Cir. 1990) (citing Securities and Exchange Comm'n v. Seabord Corp., 666 F. 2d 414, 417 (9th Cir. 1982)). As stated above, plaintiff has violated the Court's July 30, 2026 Order by failing to completely respond to Interrogatories and Requests for Production of Documents, Sets 1-3, and Tangible Things, Set 1 by the August 14, 2026 deadline. While plaintiff provided belated responses to some interrogatories, his asked and answered objections violate the Court's July 30, 2026 Order to respond to the discovery requests without objection and fails to identify in sufficient detail where the records can be found. See Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp., 711 F. 2d 902, 906 (9th Cir. 1983); see also Fed. R. Civ. P. 33. Settlement offers are also inadmissible to prove damages. See Fed. R. Evid. 408. Further, defendant alleges in the motion for sanctions that it was already in

possession of the records contained in plaintiff's July 18, 2026 record delivery. (ECF No. 168-1 at 2.) The Court finds plaintiff has failed to "persuade the court that the claims of prejudice are insufficient in light of his excuse." Sanchez, 460 F.R.D. at 465 (quoting PPA Products Liability Litigation, 460 F. 3d, at 1228). The Court also finds that these omissions impair defendant's ability to go to trial. See Malone, 833 F. 3d, at 131 (citing Rubin v. Belo Broadcasting Corp. (In re Rubin), 769 F. 2d 611, 618 (9th Cir. 1985)). Further, the deadline for completing non-expert discovery was July 24, 2026, and plaintiff has not meaningfully participated in discovery for essentially the entire time fact discovery has been open. (ECF No. 148.) Therefore, the Court concludes the third factor has been satisfied.

Next, the Court turns to whether less drastic sanctions are available. Such possible sanctions include "a warning, a formal reprimand, placing the case at the bottom of the calendar, and the imposition of costs or attorney fees." Malone v. U.S. Postal Service, 833 F. 2d 128, 131 n.1 (9th Cir. 1987) (quoting Titus v. Mercedes Benz of North America, 695 F. 2d 746, 749 n.6 (3rd Cir. 1982)). Defendant argues that plaintiff was initially warned in the district court's order granting the motion to withdraw that plaintiff's failure to comply with the order may result in dismissal for failure to prosecute. (ECF No. 158 at 5.) Additionally, the undersigned has warned plaintiff directly that "there will be consequences" for failure to comply with the court's order compelling discovery. (ECF No. 167 at 5:17-20.) While plaintiff contests that the Court has not considered a lesser sanction, "case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of the alternatives' requirement." (ECF No. 176 at 6-7); Malone, 833 F. 3d, at 133.

Even if plaintiff were not warned of dismissal for failure to comply with a court order, the Court concludes alternative, lesser sanctions would be inappropriate. Plaintiff has been litigating this action since 2018. See Docket. Plaintiff has already violated a court order compelling him to provide defendant basic discovery to litigate its claims. Due to the severity and breadth of plaintiff's discovery violations, an order precluding plaintiff from providing evidence regarding liability and damage issues, as suggested in alternative to the motion for terminating sanctions, would effectively end this case. (ECF No. 168-1 at 14.) Even though plaintiff has responded to

some of defendant's discovery requests, the Court concludes that any of these alternatives would not result in full compliance with plaintiff's discovery obligations, as plaintiff has already failed to comply with a court order. See Rainbow Pioneer, 711 F. 2d, at 904, 906 (affirming default judgment where plaintiffs answered some interrogatories in response to a motion to compel discovery but responded with frivolous objections to two critical interrogatories); see also Cziraki v. Hartford Fire Insurance Company, 2016 WL 11744978, at *4 (C.D. Cal. Mar. 25, 2016) ("A court can reject lesser sanctions when, for example, it anticipates that a party will continue to refuse to provide discovery.").

Therefore, the Court recommends granting defendant's motion for terminating sanctions.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's request for terminating sanctions (ECF No. 168) be GRANTED;
2. Plaintiff's claims against defendant be DISMISSED without leave to amend;
3. The clerk of the court CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 6, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, frank.18cv1687